(No. 14519.—Reversed and remanded.)

JACOB KULIK, Appellant, *vs.* JOHN KAPUSTA, Appellee.

*Opinion filed April 19, 1922—Rehearing denied June 8, 1922.*

1. DEEDS—*parol evidence is admissible to show that deed was intended to be a mortgage—burden of proof.* Parol evidence is admissible to show that a deed absolute in form was intended as a mortgage, not only as between the parties and their successors but also as against one who derived his title from the grantee without paying any valuable consideration therefor; but the burden rests upon the one asserting a deed absolute in form to be a mortgage to prove the fact by clear and satisfactory evidence.

2. SAME—*what may be considered in determining whether deed was intended as a mortgage.* As a conveyance takes effect from its delivery the question whether it was a deed or a mortgage becomes fixed at that time, but to determine the purpose and intent of the parties the preliminary negotiations leading up to the transaction, as well as the statements of the parties at and after the execution of the instrument, may be admitted in evidence.

3. SAME—*deed may be held to be a mortgage although the evidence is conflicting.* Positive evidence of an intention that a deed

absolute in form was, in fact, given as a mortgage is not required, and it is sufficient if the evidence is clear and convincing, even though conflicting.

4. PLEADING—*when bill to have a deed declared a mortgage is prima facie sufficient—Statute of Frauds.* A bill to have a deed absolute in form declared to be a mortgage is not subject to general demurrer where it contains sufficient averments which, if established by parol evidence of the circumstances attending the conveyance, would entitle complainant to the relief prayed, as the Statute of Frauds does not preclude parol proof of the agreement for redemption.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

CHARLES A. KOEPKE, and JOHN W. ELLIS, (WILLIAM F. STRUCKMANN, of counsel,) for appellant.

BRADLEY, WILLIAMS, KEARNS & FARRELL, (THOMAS E. D. BRADLEY, and EDWARD J. FARRELL, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Cook county to recover title to certain improved real estate in Chicago and asking that the court hold a conveyance in the form of a deed to be a mortgage given to secure certain loans. The amended bill was dismissed on demurrer for want of equity, and an appeal was taken from that decretal order to this court.

To the original bill filed in this case a demurrer was sustained, and an amended bill was then filed, to which also a demurrer was sustained. Thereafter leave was granted by the court to file instanter another amended bill, to which a general demurrer was filed, and after a hearing the demurrer was sustained, and appellant electing to stand by the bill, the court entered a decree dismissing the bill for want of equity.

The last amended bill stated, in substance, that appellant acquired title to the premises in controversy by warranty

deed in 1916, subject to a mortgage of $19,000, and executed a second mortgage to secure $5750, part of the purchase price; that thereafter appellant made extensive alterations and repairs on the premises for which he was unable to pay, with the result that numerous mechanics' lien claims were filed and judgments obtained against him, which became clouds upon the title and prevented him from negotiating new loans thereon; that in November, 1917, he conveyed the premises in trust to Stanley Slomczynski, who at appellant's direction conveyed the same to Agata Kulik, appellant's wife; that Agata Kulik and appellant conveyed the premises in trust to Kazimierz Siedlanka, who in March, 1919, executed a deed in blank, and delivered it, so executed, to appellant; that appellant during 1918, and especially in the early part of 1919, was in poor health and confined to his home and bed for a considerable portion of the time with rheumatism; that appellee, John Kapusta, during the same period was a grocer, a man of means and a close personal friend and neighbor of appellant; that while so confined to his home appellant detailed his financial troubles to appellee and asked him to make a loan sufficient to pay the second mortgage and the lien claims and judgments, and to this end offered to execute notes and secure the same by mortgage on the premises; that appellee informed appellant that he would not make a loan in the usual manner because of the condition of the title and because the amount of money he would be called upon to advance was indefinite, and proposed that he would advance all the money needed if appellant would cause the premises to be conveyed to him, place him in possession and permit him to use the income with which to keep the taxes and first mortgage interest paid, and, so far as the same would permit, apply the remainder in reduction of the advancements to be made for appellant's benefit, and that such advancements by him should be re-paid by appellant within a reasonable time, with interest at seven per cent; that ap-

pellant accepted the offer, and thereupon informed appellee that he had in his possession a deed to the premises executed in blank by Siedlanka, and that he would, and did thereupon, without other or further consideration and with the express agreement that appellee should hold title as security, only, cause to be filled in the deed the name of appellee as grantee; that he thereupon delivered the deed to appellee, who caused it to be recorded and then took possession; that the premises are producing a rental of upwards of $500 per month, all of which appellee has applied to his own use without accounting therefor to appellant; that notwithstanding the agreement pursuant to which his name was inserted in the deed and he was placed in possession, appellee has failed to satisfy the lien claims and judgments; that the appellee purchased for $900 the second mortgage, which he agreed to have released but has refused to satisfy and release the same; that after so acquiring title he informed appellant that having entered into no written agreement he intended to hold the title and possession adversely to appellant without paying him anything therefor; that he has from time to time offered appellant small sums for a quit-claim deed and has declined to advance money to pay the liens and judgments or otherwise comply with the agreement; that he has in no way complied with his agreement, and because thereof appellant seeks in equity to have the deed canceled; that the premises have greatly enhanced in value, and appellee now asserts that appellant has parted with all his interest therein and declines to recognize his equities or account to him; that by reason of the foregoing appellant is unable to procure a new loan and satisfy the liens and judgments or make sale of the premises; that he has been so harassed by the judgments since the record of the deed to appellee that he has been compelled to advance large sums of money to pay and satisfy certain of the judgments, and is now being pressed for payment for the unsatisfied liens and judgments. The bill prays that appel-

lee and his wife, Paulina Kapusta,. be made defendants and required to answer; that the court decree the deed to Kapusta to be a mortgage given to secure future advances and made without consideration, and that Kapusta be decreed to hold title to the premises in trust for complainant; that the deed to him be decreed to have been procured by fraud and declared to be but a cloud upon the title of complainant to the premises, and that he be ordered and decreed to account to complainant for such sums as may have been advanced by him for the benefit of complainant and for rentals collected from the premises, and be further decreed to pay complainant such sums, if any, as may appear to be due complainant upon such accounting, and that a receiver be appointed, and for further relief, etc.

Counsel for appellant argue that under the allegations of the bill, conceded to be true by the demurrer, the court erred in dismissing the bill, because the deed was executed and acknowledged with the grantee's name left blank and the grantee's name was thereafter inserted long subsequent to the execution and acknowledgment. They also argue, on the facts alleged, that the instrument in question is a mortgage to secure future advances. They further argue that the bill alleges facts showing that the appellee acquired legal title to the land by false and fraudulent promises to hold the same for a certain specified purpose as trustee, and he should be compelled to answer as holding the property in trust for appellant, and that for all these reasons the chancellor erred in sustaining the demurrer to the amended bill and in dismissing the bill for want of equity.

There can be no question, under the authorities, that the allegations of the last amended bill were sufficient to justify the overruling of the demurrer, on the ground that if upon a hearing proof were offered sufficient to sustain the allegations of the bill the deed in question might be held to have been given as a mortgage. Section 12 of chapter 95 of the Revised Statutes provides that every deed convey-

ing real estate which shall appear to have been intended as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage; (2 Hurd's Stat. 1921, p. 2150;) and this court has consistently held since the decision rendered in *Ruckman* v. *Alwood,* 71 Ill. 155, that parol or extrinsic evidence will be admitted to show that a deed was intended as a mortgage. The decisions also hold that the burden of proof rests upon the one asserting a deed absolute in form to be a mortgage to show that fact by clear and satisfactory proof. (*Deadman* v. *Yantis,* 230 Ill. 243; *Totten* v. *Totten,* 294 id. 70; *Rankin* v. *Rankin,* 216 id. 132.) A conveyance takes effect from its delivery, and the question whether it was a deed or a mortgage becomes fixed at that time. (*Bearss* v. *Ford,* 108 Ill. 16.) The decision of that question depends upon the intention of the parties at the time of the execution. Parol evidence is admissible to show a conveyance in form absolute or on condition to be a mortgage, not only as between the parties and their successors but also as against one who derived his title from the grantee without paying any valuable consideration therefor. (19 R. C. L. 254.) The inquiry in cases of this class may properly include the facts and circumstances tending to illustrate the purpose and intent of the parties in the transaction. (*Darst* v. *Murphy,* 119 Ill. 343.) The preliminary negotiations leading up to the transaction, as well as the statements of the parties at and after the execution of the instrument, may be admitted. The court is not restricted to any particular kind of evidence, but may take into consideration almost any pertinent matters which tend to prove the real intention and understanding of the parties and the true nature of the transaction in question. (27 Cyc. 1019.) While there can be no question that the burden of proof rests upon the party asserting that the instrument is, in fact, a mortgage and was so intended by the parties, yet that does not necessarily mean that there

shall be no conflict in the testimony on the question. Positive evidence of the intention is not required. It is sufficient if the evidence is clear and convincing, even though conflicting. 8 Ency. of Evidence, 718; *Totten* v. *Totten, supra;* see, also, the reasoning in L. R. A. 1916B, 46, 47, 235, and cases cited in note.

Counsel for appellee appear to urge that under the Statute of Frauds parol testimony cannot be admitted to show that a deed absolute in form was given as a mortgage. What was said by this court in *Linkemann* v. *Knepper,* 226 Ill. 473, fully answers this argument, that opinion holding that it was not intended by the adoption of the Statute of Frauds to protect fraud and facilitate its perpetration but to prevent it; that the courts will not permit the statute to be used as an engine of fraud. After laying down the doctrine just stated, the court held that a deed absolute in form, if intended as a security, is in equity but a mortgage, and will be treated and enforced as such even though the agreement for redemption rests only in parol and notwithstanding the Statute of Frauds. Under these authorities, beyond question the allegations of the amended bill in this case showed that the deed in question was executed as a mortgage, and the court on that ground, alone, if for no other, wrongly sustained the demurrer. This being true, it is unnecessary to consider and discuss the question whether or not the deed should be held void because it was executed with the name of the grantee in blank, or the question whether or not the deed was obtained by fraud and deceit on the part of appellee and therefore appellee should be ruled to be holding the property in trust for appellant.

Under the allegations of the amended bill the trial court should overrule the demurrer and require appellee to answer, and the case can then proceed in due course.

The decree of the circuit court is reversed and the cause remanded.                *Reversed and remanded.*