CHARLES Q. BURROUGHS, as Conservator of Lena Burroughs, Plaintiff-Appellee, *v.* MATT BURROUGHS *et al.*, Defendants-Appellants.

(No. 72-288;

Third District—May 9, 1973.

Bruce Becker, of Peoria, for appellants.

Ralph Froehling, of Canton, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

In May of 1968, Lena Burroughs was a widow, hard of hearing and 85 years of age. A year earlier she had permitted her 240 acre farm to be included in a mortgage to assist her only son, Charles. A payment of $5,235 came due in April of 1968 but Charles was short about $3000. The total debt then was $45,375.67.

Matt Burroughs was Lena's nephew by way of her deceased husband. Lena and Charles approached Matt to borrow the $5235. After Matt became aware of his aunt's problem, he came to Canton and told Lena and Charles, "I think I'll just take the whole mortgage up; just take the whole thing off your hands".

Matt paid the bank the exact amount of the mortgage and an assignment of the mortgage and note was given to Robert Dean Burroughs, his son. Lena signed a warranty deed conveying the property to Robert Dean Burroughs. An existing coal lease having unpaid royalties of $79,000 was also assigned by the bank to Robert Dean Burroughs.

This action originally commenced June 6, 1969 by Lena Burroughs was brought in three counts, the first sought to have the deed to Robert Dean Burroughs absolute in form declared to be a mortgage, the second and third counts sought rescission on ground of fraud and violation of a fiduciary. At the close of plaintiff's case the trial judge directed judg-

ment for defendants and plaintiff appealed. This court in *Burroughs v. Burroughs*, 1 Ill.App.3d 697, 274 N.E.2d 376, held that there was ample evidence to support plaintiff's claim and that the direction of a judgment at the close of plaintiff's evidence was erroneous. Most of the evidentiary facts (and applicable law) are recited in that opinion and need not be repeated here.

After remand the defendants introduced their evidence and the trial judge entered judgment for plaintiff on Count I of the complaint ruling that the deed should be treated as a mortgage. The defendants, Matt and his son, Robert Dean Burroughs have taken this appeal from that judgment of the Circuit Court of Fulton County contending that the judgment is against the manifest weight of the evidence and contrary to law.

■■ Their first argument is that plaintiffs failed in their burden of proof. In order to convert a deed absolute on its face into a mortgage, the proof must be clear, satisfactory, and convincing, *Schwartzentruber v. Stephens*, 8 Ill.2d 222. On the other hand it is not necessary that there be no conflict in the evidence. *Kulick v. Kapusta*, 303 Ill. 208; 27 I.L.P. Mortgages, Sec. 40.

The burden of proof is a substantial one, but we think well met in this case.

It is to be observed at the outset that while all cases of this kind are governed by and necessarily involve an application of general rules the solution of a particular problem almost invariably requires a detailed analysis of evidence, often conflicting and fragmentary, a process which, if appearing from the record as a whole to have been fairly followed by the trial court, will be approved by the appellate court, subject to weight of the evidence and questions of law.

■■ A single element, in a particular setting may become the influential one in the process of determination. The existence of an indebtedness is essential to the conclusion that a transaction is a mortgage.

The mortgage of April 26, 1967 was by assignment of the Canton State Bank, mortgagee, on May 13, 1968, assigned, conveyed and given to *Robert Dean Burroughs;* this assignment also recites that the mortgage, the note, and other matters secured pass to Robert Dean Burroughs who was to have the same powers that the Canton State Bank would have.

Although Matt Burroughs denied ever having seen the note it is uncontroverted that the note got into the hands of Lachlan Crissey, attorney for the defendants at the first hearing. Mr. Crissey admitted, "The note was retained by the defendants and no release was given of the mortgage." He admitted that Charles and Dorothy Burroughs were still liable on the note but argued that they had little funds and collectibility would

be remote. Defendants conceded in their first brief that the note was never marked paid or cancelled or delivered to Lena or Charles.

■■ Of further significance is the fact that Robert Dean Burroughs, the assignee of the note and mortgage did not join in the purported release nor did he join in the purported accord and satisfaction. These documents were *signed only by Mattt Burroughs.*

■■ The fact that the grantee retains in his possession, without cancellation, the written evidence of the existing debt indicates that the debt was not extinguished by the conveyance and that a mortgage was intended. In *Wallace v. Greenman*, 321 Ill. 423, the court stated, "The facts in this case are aided by the presumption long existing in this State, that where the grantor is indebted to the grantee at the time of the conveyance and the note evidencing such indebtedness is retained by the grantee, such indebtedness was not satisfied by the conveyance, and, until the contrary is shown, the presumption is that the instrument, though a deed absolute on its face, is a mortgage; and this applies whether the transaction was unprofitable to the grantee or not. *Sutphen v. Cushman*, 35 Ill. 186." 27 I.L.P. Mortgages, Sec. 33; 55 Am.Jur.2d, Mortgages Sec. 57; *Williams v. Griffith*, 310 Ill.App. 574.

Further, the personal liability of the grantor for payment of the debt is not essential. *In re A. Roth Co.* 118 F.2d 156 (construing Illinois law.)

■■ As was pointed out in the earlier opinion two real estate appraisers testified that in their opinions the value of the farm in April 1968, was $71,000 and $78,000 respectively. Such appraisals did not include any valuation attributable to the coal lease.[1] Defendants produced one appraiser who arrived at a value of $48,000. He had not earned a brokers commission in three years, and the only one ever on a Fulton County farm involved a tract of *one* acre.

Insufficiency of price is always considered as an evidentiary fact to be considered with all other facts and circumstances tending to illustrate the purpose and intent of the parties to the transaction. (*McDonnell v. Holden*, 352 Ill. 362; *Chicago Sav. and Loan Ass'n v. Byrne*, 24 Ill.App.2d 560.) Its probative value is that of a corroborative circumstance of great weight. *Miller v. Thomas*, 14 Ill. 427; *Heald v. Wright*, 75 Ill. 17, Annotation: 89 A.L.R.2d 1040.

■■ Considering all the facts in the record, the disputed testimony as to the purpose and intention of the parties as to the nature of the trans-

---

[1] Plaintiff at the conclusion of defendant's case asked the trial court to take judicial notice of the fact that the coal company had completed an interpleader action in the Circuit Court of Fulton County and had deposited the final payment of $73,000 due on the lease.

action at the time the deed was taken, we are unable to say that the trial court committed any manifest error in finding that the deed which was taken was, in reality, a mortgage.

The judgment of the Circuit Court of Fulton County will, therefore, be affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.